**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ALVIN TISDALE,

               Petitioner,

vs.                                    Case No.    3:04-cv-767-J-32HTS
                                                      3:04-cr-37-J-32HTS

UNITED STATES OF AMERICA,

               Respondent.

_____

## ORDER[1]

     This case is before the Court on petitioner Alvin Tisdale's <u>pro</u> <u>se</u> Amended

Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody

Under 28 U.S.C. § 2255.  (Crim. Doc. 45; Doc. 8).[2]  The United States filed a Motion

to Dismiss.  (Doc. 20).  Tisdale filed a response to the government's motion to

dismiss.  (Doc. 26).  Pursuant to Rule 8(a) of the Rules Governing Section 2255

Proceedings, the Court has determined that an evidentiary hearing is not necessary

to decide the instant petition.

     On May 18, 2004, pursuant to a Plea Agreement, Tisdale pled guilty to the

Indictment, which charged him with one count of knowing, willful and intentional

_____

    [1]    Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically.  However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

    [2]    Citations to Tisdale's criminal case file, 3:04-cr-37-J-32HTS, are denoted as "Crim. Doc. ____."  Citations to Tisdale's civil § 2255 case file, 3:04-cv-767-J-32HTS, are denoted as "Doc. ____."

distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

(Crim. Docs. 22, 24).  On September 2, 2004, Tisdale was sentenced to 151 months'

imprisonment and 36 months' supervised release.  (Crim. Doc. 30).  Tisdale's written

Plea Agreement contains a waiver provision that provides, in relevant part:

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. . . .  [T]he defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, <u>directly or collaterally</u>, on any ground, . . . except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, . . . the defendant is released from this waiver and may appeal the sentence . . . .

(<u>Id.</u> at 9) (emphasis added).  Tisdale filed a direct appeal.  (Crim. Doc. 31).  On May

6, 2005, the Eleventh Circuit dismissed the appeal pursuant to the appeal waiver

provision in the Plea Agreement.  (Crim. Doc. 47, Eleventh Circuit Opinion).

In the instant § 2255 motion, most of Tisdale's claims relate to his counsel's

alleged pre-plea ineffectiveness.  The undersigned finds that these arguments are

barred pursuant to the collateral appeal waiver in the Plea Agreement.

An appeal waiver (direct and collateral) in a Plea Agreement is valid if made

knowingly and voluntarily.  <u>Williams v. United States</u>, 396 F.3d 1340, 1341 (11th Cir.

2005) (citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993)).  The

appeal waiver will be enforced if the government demonstrates either: (1) the district

court specifically questioned the defendant about the waiver during the plea colloquy,

or (2) the record clearly shows that the defendant otherwise understood the full

significance of the waiver.  Williams, 396 F.3d at 1341.  Here, during the Fed. R. Crim.

P. 11 plea colloquy, the Magistrate Judge specifically informed Tisdale that the appeal

waiver provision applied to a "collateral" challenge to his sentence, and that a

"collateral" challenge specifically meant a § 2255 motion.  (Crim. Doc. 42 at pp. 15-

16).  Moreover, Tisdale stated that he understood the appeal waiver provision in the

Plea Agreement and that he freely and voluntarily waived his right to collaterally

attack his conviction in a § 2255 proceeding.  (Id.).[3]  Tisdale clearly waived his right

to collaterally challenge his counsel's pre-plea ineffectiveness.  See Wilson v. United

States, 962 F.2d 996, 997 (11th Cir. 1992) (claims of pre-plea ineffectiveness are

waived).[4]

Tisdale's claim in the amended § 2255 motion that his counsel failed to object

to the application of U.S.S.G. § 4B1.1 (the Career Offender guideline) relates to

counsel's performance during sentencing. The Eleventh Circuit in Williams held that

---

[3]   Thus, there is no problem such as that the Eleventh Circuit addressed in
Lattimore v. United States, 185 Fed.Appx. 808 (11th Cir. 2006).

[4]   During the plea colloquy, Tisdale stated that he had no complaint in the manner
that his counsel had represented him, and that he was satisfied that his counsel had
represented him adequately and competently.  (Crim. Doc. 42 at p. 17).

a voluntary and knowing appeal waiver in a Plea Agreement likewise precludes the defendant from collaterally attacking his conviction based upon a claim of ineffective assistance of counsel during sentencing. Williams, 396 F.3d at 1342. The Williams court reasoned that to hold otherwise "would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." Id. Because the U.S.S.G. § 4B1.1 (the Career Offender guideline) claim relates to counsel's alleged ineffectiveness at sentencing, Tisdale waived his right to raise this issue collaterally.[5]

Tisdale's remaining claim relates to his counsel's alleged failure to properly appeal because the government violated the "Spirit and Letter" of the Plea Agreement when it failed to file a substantial assistance motion for Tisdale. Tisdale raised this issue in other post-sentencing motions in his criminal case. (Crim. Docs. 49, 53). As explained in the April 11, 2006 Order (Crim. Doc. 52), the Court is without authority to mandate that the government file such a motion based on Tisdale's claim that he has provided substantial assistance.[6] See Wade v. United States, 504 U.S. 181, 186 (1992) (while the district court can review the government's refusal to provide a

---

[5] Nevertheless, the Court has reviewed the transcript of the defendant's September 2, 2004 sentencing hearing, which demonstrates that petitioner's contention is without merit.

[6] The Court likewise denied Tisdale this relief in its July 20, 2006 Order. (Crim. Doc. 56).

4

substantial assistance motion if the refusal is based on an unconstitutional motive (e.g. race), it cannot review the government's decision when a defendant's assertion is merely that he provided substantial assistance and the government disagrees). Thus, no ineffective assistance of counsel claim lies on this issue under the prevailing standards set forth in Strickland v. Washington, 466 U.S. 668, 688, 692 (1984).

Accordingly, it is hereby **ORDERED**:

1. The United States' Motion to Dismiss Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 20) is **GRANTED**. Petitioner Alvin Tisdale's Amended Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Crim. Doc. 45; Doc. 8) is **DISMISSED**.

2. Petitioner's original Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 1) is **MOOT**.

3. The Clerk shall enter judgment in favor of the United States and against Alvin Tisdale, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of August, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

t.
Copies:
counsel of record pro se party

5